UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| **GENX INTERNATIONAL, INC.** ) ) ) Plaintiff, ) ) v. ) ) **MID-ATLANTIC DIAGNOSTICS, INC;** ) **TERRENCE FORTINO** ) ) Defendants. ) ) | ACTION NO.: 3:08-cv-01578-JBA Date: December 11, 2008 |

### ANSWER TO COMPLAINT BY DEFENDANTS
### MID-ATLANTIC DIAGNOSTICS, INC. AND TERRANCE FORTINO

Defendants Mid-Atlantic Diagnostics, Inc. and Terrance Fortino, improperly plead as Terrence Fortino (collectively, "Mid-Atlantic" or "Defendants"), answer the numbered allegations of the Complaint served by GenX International, Inc. ("Plaintiff") as follows:

### NATURE OF THE ACTION

1. Mid-Atlantic admits that the Complaint alleges a cause of action under the patent laws of the United States, Title 35, United States Code. Mid-Atlantic denies the remaining allegations of this paragraph.

2. Mid-Atlantic admits that the Complaint alleges a cause of action under section 32 of the Lanham Act, 15 U.S.C. § 1114. Mid-Atlantic denies the remaining allegations of this paragraph.

3. Mid-Atlantic admits that the Complaint alleges a cause of action under section 43 of the Lanham Act, 15 U.S.C. § 1125. Mid-Atlantic denies the remaining allegations of this paragraph.

4. Mid-Atlantic admits that the Complaint alleges a cause of action under the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110. Mid-Atlantic denies the remaining allegations of this paragraph.

5. Denied as a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies that Plaintiff is entitled to any relief whatsoever, including injunctive relief, profits, damages, costs, and/or fees.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

## THE PARTIES

8. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

9. Admitted.

10. Admitted.

## FACTUAL ALLEGATIONS

11. Admitted in part, denied in part. Mid-Atlantic admits that a copy of U.S. Patent No. 6,013,199 ("the '199 patent"), titled "Filtering System and Method for Incubators" is attached as Exhibit A to the Complaint. Mid-Atlantic lacks sufficient information and

knowledge to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies them.

12. Admitted in part, denied in part. Mid-Atlantic admits that attached as Exhibit B to the Complaint are copies of promotional literature previously used by Mid-Atlantic. Mid-Atlantic denies the remaining allegations in this paragraph.

13. Denied.

14. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

15. Admitted in part, denied in part. Mid-Atlantic admits that a copy of U.S. Trademark Registration No. 3,471,572 for the trademark INLINE is attached as Exhibit C to the Complaint. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies them.

16. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

17. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

18. Denied.

19. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

20. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

21. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

22. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

23. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

24. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

25. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

26. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

27. Admitted in part, denied in part. Mid-Atlantic admits that attached as Exhibit B to the Complaint are copies of promotional literature previously used by Mid-Atlantic. Mid-Atlantic denies the remaining allegations in this paragraph.

28. Admitted in part, denied in part. Mid-Atlantic admits that certain of its advertisements contain the language "Proprietary 2-stage filter." Mid-Atlantic denies the remaining allegations in this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT ONE

35. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT TWO

40. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

41. Denied.

42. Denied.

43. Denied.

## COUNT THREE

44. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT FOUR

49. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Mid-Atlantic denies the allegations contained in this paragraph.

56. Denied.

57. Mid-Atlantic lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

58. Denied.

59. Denied.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mid-Atlantic demands that the issues in this case be tried by a jury.

## DEMAND FOR RELIEF

Mid-Atlantic denies that Plaintiff is entitled to the relief requested in its Demand for Relief, or to any damages or judgment of any nature against Mid-Atlantic.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint as a whole and each count therein fail to state a claim upon which relief may be granted.

2. Mid-Atlantic has not infringed, directly or indirectly, any valid and enforceable claim of the '199 patent.

3. As a result of proceedings and/or statements made before the U.S. Patent and Trademark Office during the prosecution of the various applications upon which the '199 patent issued, Plaintiff is estopped from construing the '199 patent to cover any Mid-Atlantic product.

4. The claims of the '199 patent are invalid for failure to comply with the requirements for patentability, including but not limited to the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

5. Plaintiff's claims are barred by 35 U.S.C. §§ 286 and 287.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

11. Mid-Atlantic is not liable to Plaintiffs.

12. The Complaint fails to support a claim for punitive damages.

13. Mid-Atlantic is entitled to its attorneys' fees and costs incurred in this litigation.

WHEREFORE, Defendants demand that the Court:

(i) dismiss the Complaint with prejudice, including denying Plaintiff's requests for attorneys' fees, costs, treble damages, seizure of Mid-Atlantic's goods, and a permanent injunction;

(ii) award Defendants costs of suit, including reasonable attorneys' fees;

(iii) and grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ James T. Shearin*
James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
Bridgeport, CT 06601-2240
P: 203.330.2240
F: 203.576.8888
e: jtshearin@pullcom.com

Attorney for Defendants Mid-Atlantic Diagnostics, Inc. and Terrance Fortino

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2008, a copy of **ANSWER TO COMPLAINT BY DEFENDANTS MID-ATLANTIC DIAGNOSTICS, INC. AND TERRANCE FORTINO** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                                                    By: */s/ James T. Shearin*
                                                                                        James T. Shearin

Bridgeport/72771.1/JTS/731684v1